The opinion of the court was delivered by
Watkins, J.
On the 25th of April, 1888, the plaintiff donated to. the Jeanerette & Oypremort Bailroad Company, of which George *811 Whitworth claimed to be president, a strip of land thirty-five feet in width, extending through her property, to be used by said company as a right of way for their track and other purposes connected with building or maintaining their road. On the 12th of October, subsequently, said Whitworth, as president, transferred all of the rights of the Jeanerette & Cypremort Company under said donation to the Morgan Company, and the latter commenced, soon afterward, to excavate and build a switch thereon.
Soon afterward, this suit was brought for the purpose of annulling sáid donation and sale, on the ground that, at the time of the execution of the donation of the right of way, she was under the impression, and by said Whitworth had been led to believe, that the Jeanerette & Cypremort Railroad Company was a duly organized and existing corporation, when, in point of fact, there was no such corporation in existence at that time, or since. She prays judgment revoking and annulling said donation and sale; that she be restored to the possession of the property; that the defendants be sentenced to remove therefrom all of the constructions and works thereon erected; that they be decreed to be co-trespassers on her property, and, as such, condemned to pay her $8250 as damages for their trespass and wrongful entry, and $10 per day during their continued wrongful occupancy, subsequent to the 8th of November, 1888, when suit was filed.
The principal defence of the Morgan Company is an estoppel, grounded on the allegation that, had plaintiff not dealt with the Jeanerette & Cypremort Company, granting it the right of way, the work complained of would not have been done, which it values at $1000, and demands judgment in reconvention against the plaintiff; and calls in warranty both Whitworth and the Jeanerette & Oypremort Company, and demands like judgment against them as shall be rendered against it. In limine the defendants and warrantor, Whit-worth, tendered a variety of dilatory pleas — none of which are insisted upon here — and finally plead, first, estoppel, on the ground that the plaintiffi had sold, without solicitation, town lots to the Jeanerette & Cypremort Company, and had thereby gamed certain advantages, and in each deed of conveyance had recognized that company’s corporate existence. He also plead that plaintiff had stood by and seen the work performed by the Morgan Company, and thus sanctioned it, and has since claimed it. The alleged Jean *812 erette & Cypremort Company is in court on similar pleas and issues. Subsequently Whitworth personally, and as president, plead a general denial, and set up the aforementioned contracts, and alleged' that plaintiff sold the right of way to induce the company to purchase said lots, and he denies any and all damages.
The judgment rendered in the premises, annulled the acts referred to, touching the right of way, and declared the strip of land donated to belong to the plaintiff, on the ground that the Jeanerette & Oypremort Company had never been incorporated; ordered the Morgan Company to vacate the premises and restore same to the plaintiff; and condemned Whitworth personally and the Morgan Company in solido to pay plaintiff the sum of $500 as damages, and $50 per annum from the 8th of November, 1888, until the property is surrendered into plaintiff’s possession.
There was judgment in favor of the Morgan Company, on its call in warranty. Each of the defendants have appealed. There is no claim made in any of the defendant’s answers, or proof adduced on the trial, to the effect that there ever was such a corporation in existence as the Jeanerette & Cypremort Railroad Company. The main reliance of all the defendants is on the estoppel urged against the plaintiff. But the evidence conclusively proves that, in executing the acts of donation and sale aforesaid — and they are all of contemporaneous dates, or very nearly so — she was by Whitworth erroneously induced to believe that the company was duly incorporated and organized, and that he was its president, he well knowing that such was not the case. It is also 'in evidence that the plaintiff would not have made the donation if she had known the truth, as her inducement to make the grant was the building of the road. As the company had no existence, certainly the president — or the person alleging himself to be such — can not avail himself of his own misrepresentations to defeat the plaintiff’s action, or employ the fruits thereof as an estoppel against her demand for restitution of the property. Bigelow on Estoppel, p. 225.
As in favor of one who knew the truth, an estoppel is unavailing. 38 An. 1194; 88 An. 102; 39 An. 443.
The proof furthur shows that the plaintiff did not remain silent, but, shortly after the Morgan Company began work, she entered a formal protest, and it not being heeded, she entered suit, the citation being served a few days subsequently to the transfer.
*813 The two sales that plaintiff made to the Jeanerette & Oypremort Company were executed under the effect of the same misrepresentations as the donation of the right of way, and are governed by the same rule of interpretation as it is.
The Morgan Company occupies just the same situation as Whit-worth did, for. in the deed granting to the Jeanerette & Oypremort Company the right of way, the following recital occurs, viz:
“Whereas, the Jeanerette & Oypremort Railroad Company * * are about commencing the construction of a railroad from Jeanerette to Week’s Island, * * * and the said road is to pass through my property, and it is believed (that) it will increase its value; in consideration thereof, and of the payment tome of $1, * * * Thereby sell, transfer,” etc.
And it concludes thus:
“If said road is not built, said land is to revert to me.”
It was this title that the alleged president of the Jeanerette & Oypremort Company assumed to convey to the Morgan Company, without first perfecting its organization, or doing any act looking to the construction of the contemplated railroad, which the plaintiff expected to improve the value of the remaining property. The Morgan Company is held bound to know the recitals contained in the written title of its author.
In disregard of them, it went to work immediately after it had taken title, notwithstanding its author’s obligation to build a railroad from Jeanerette to Week’s Island, and commenced the building of a switch on the right of way.
The acts and deeds of the plaintiff to the vendor of the Morgan Company can not any more avail the latter than the former. All the defendants possessed full knowledge of all the facts, and none of them were deceived, or injured, or induced to alter their previous positions on account of them.
Not only does the proof show that no attempt was ever made to build the railroad, but it shows also that no charter was ever signed, no organization ever effected, and no part of the capital stock paid in.
It is a self-evident proposition that a contract can. not be made with a corporation which has no existence at the time. Morawetz on Corporations, Secs. 137, 139.
Not only was such the condition of things in 1883, when the acts in question were executed, but it continued to exist up to and in- *814 elusive of the year 1889, when the trial of this cause occurred. No railroad has yet been commenced, and no corporation has yet been organized. Hence the Morgan Company acquired no title or right of use, except such as were subject to and subordinated by the express terms of the original grant, and the judgment decreeing plaintiff’s ownership and right to possession is manifestly correct.
The preceding statement demonstrates the correctness of the judgment against Whitworth personally; for inasmuch as he did not represent the corporation, which he assumed to represent, his act bound him in his individual capacity. He bound himself personally by attempting to personate a non-existent corporation.
But we do not regard the proof sufficient to sustain the damages that are awarded the plaintiff in the judgment appealed from. The Morgan Company has dismantled its switch and sidings, and seems to have used an honest effort to restore the status quo. The only damage plaintiff appears to have suffered is from a few slight excavations on her land for a distance of about one hundred yards, and we think $250 would be an ample sum bo remunerate her for any loss she may have sustained on that account, and to that amount the judgment should be reduced and affirmed.
It is therefore ordered and decreed that the judgment appealed from be amended by reducing the amount of damages to $250, and that, as thus amended, same be affirmed, the plaintiff and appellee to be taxed with the cost of appeal.
Breaux, J. recused as having been of counsel.